IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| Allen Dominek and Arlen Dominek, | ) | |
| | ) | |
| Plaintiffs, | ) | **ORDER** |
| | ) | |
| vs. | ) | Case No. 1:19-cv-288 |
| | ) | |
| Equinor Energy L.P. f/k/a and a/k/a Brigham Oil & Gas L.P. and Statoil Oil and Gas L.P., and Grayson Mill Williston, LLC, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is the Defendant's motion to dismiss filed on February 8, 2023. See Doc. No. 78. The Plaintiffs filed a response in opposition to the motion on March 8, 2023. See Doc. No. 85. The Defendant filed a reply brief on March 22, 2023. See Doc. No. 88. Also before the Court is the Plaintiffs' motion to stay and motion to amend the complaint filed on March 8, 2023. See Doc. Nos. 83 and 84. The Defendants filed a response in opposition to the motions on March 22, 2023. See Doc. Nos. 88 and 89. For the reasons set forth below, the motion to amend is granted and the motion to stay is denied. Ruling on the motion to dismiss is deferred.

**I.   BACKGROUND**

The Plaintiffs, Allen Dominek and Arlen Dominek commenced this action against Defendant Equinor Energy LP ("Equinor") by filing a complaint in federal court on December 31, 2019. See Doc. No. 1. The dispute arises over the proper allocation of royalties from a horizontal well (Weisz 11-14 XE #1H) and confusion created by multiple overlapping spacing units located in Williams

1

County, North Dakota, which were created by a series of orders issued by the North Dakota Industrial Commission ("Industrial Commission"). Jurisdiction is based upon diversity of citizenship. 28 U.S.C. § 1332. The complaint contains claims for an accounting, the payment of back royalties, and declaratory judgment. Equinor, the operator of the Weisz well, filed an answer and counterclaim on February 7, 2020. See Doc. No. 11.

In 2021, Equinor transferred assets and operator status for the Weisz well to Grayson Mill Williston, LLC ("Grayson Mill"). Grayson Mill is now the operator of the Weisz well. Due to Equinor's transfer of the Weisz well to Grayson Mill, the parties filed a stipulation requesting that the Court issue an order joining Grayson Mill as a Defendant pursuant to Fed. R. Civ. P. 20. See Doc. No. 58. Pursuant to Rule 20(a)(2), the Court granted the request on December 14, 2021. See Doc. No. 60. An amended complaint adding Grayson Mill as a Defendant was filed on December 28, 2021. See Doc. No. 62. Equinor remained as a Defendant as well.

On March 16, 2022, the Court certified five questions to the North Dakota Supreme Court related to the complex oil and gas royalty questions presented by the case. See Doc. No. 70. On November 23, 2022, the North Dakota Supreme Court issued an answer to the first question posed but declined to answer the remaining questions. See Doc. No. 75.

On February 8, 2023, the Defendants filed a motion to dismiss for lack of jurisdiction in which they contend the Plaintiffs' complaint fails to properly allege that complete diversity exists and Plaintiffs have failed to exhaust their administrative remedies. See Doc. No. 79. On March 8, 2023, the Defendants filed a motion to stay so they may undertake discovery relative to the citizenship of the Defendants and a motion to amend the complaint to better articulate the same. See Doc. Nos. 83 and 84. All three motions have been fully briefed and are ripe for decision.

## II.  STANDARD OF REVIEW

The Defendant's motion to dismiss for lack of subject-matter jurisdiction is filed pursuant to Rule 12(b)(1) and 12(h)(3) of the Federal Rules of Civil Procedure.  Since the pleadings are closed, the Defendants should have filed their motion pursuant to Rule 12(c).  However, the effect is the same as all the defenses enumerated in Rule 12(b) may be raised after an answer is filed upon a Rule 12(c) motion and the motion will be decided upon the same standard as applied to a motion under Rule 12(b).  See 5C Wright & Miller, Federal Practice and Procedure § 1367 (3d ed. 2023); see also Gallagher v. City of Clayton, 699 F.3d 1013, 1016 (8th Cir. 2012).  A Rule 12(h)(3) motion may also be raised on a motion under Rule 12(c).  Id.  The same standard applies to a motion made under Rule 12(b)(1) and one made under Rule 12(h)(3).  See 5C Wright & Miller, Federal Practice and Procedure § 1393 (3d ed. 2023); Cruz v. AAA Carting & Rubbish Removal, Inc., 116 F. Supp. 3d 232, 239 (S.D.N.Y. 2015).  The difference between a motion to dismiss for lack of subject matter jurisdiction filed under Rules 12(b)(1), 12(c), and 12(h)(3) is purely academic.

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction.  "Subject matter jurisdiction defines the court's authority to hear a given type of case."  Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009).  Jurisdictional issues are a matter for the Court to resolve prior to trial.  Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990).

"A court deciding a motion under Rule 12(b)(1) must distinguish between a 'facial attack' and a 'factual attack'" on jurisdiction.  Osborn, 918 F.2d at 729 n.6.  In a facial attack, "the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)."  Id.  (internal citations

3

omitted). "In a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." Id. (internal citation omitted). If a defendant wishes to make a factual attack on "the jurisdictional allegations of the complaint, the court may receive competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute. Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993).

In this case, the Defendants cite only to the amended complaint and the shortcomings they suggest are contained therein. The motion is clearly a facial attack and both parties understand it to be so because the argument concerns an alleged pleading deficiency rather than a failure to factually comport with the jurisdictional prerequisites. Therefore, the Court will treat the motion as a facial attack and afford the Plaintiffs, the non-moving party, all the protections afforded by Rule 12(b)(6). The Court will consider only the complaint and the exhibits attached to the complaint. See Carlsen v. GameStop, Inc., 833 F.3d 903, 908 (8th Cir. 2016) (discussing a facial attack).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates the dismissal of a claim if there has been a failure to state a claim upon which relief can be granted. In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A plaintiff must show that success on the merits is more than a "sheer possibility." Id. A complaint is sufficient if its "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The court must accept all factual allegations as true, except for legal conclusions or "formulaic recitation of the elements of a cause

of action." Id. at 681.  Detailed factual allegations are not necessary under the Rule 8 pleading standard, rather a plaintiff must set forth grounds of its entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A complaint does not "suffice if it tenders a naked assertion devoid of further factual enhancement." Ashcroft, 556 U.S. at 678 (2009). The determination of whether a complaint states a claim upon which relief can be granted is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.  Dismissal will not be granted unless it appears beyond doubt the plaintiff can prove no set of facts entitling plaintiff to relief.  Ulrich v. Pop Cnty, 715 F.3d 1054, 1058 (8th Cir. 2013).

### III.    LEGAL DISCUSSION

The Defendants contend the Plaintiffs failed to adequately plead diversity jurisdiction in that they did not specify the citizenship of the Defendants, both of which are unincorporated entities – a limited partnership and a limited liability company.  The Plaintiffs respond by noting the membership of unincorporated entities is not a public record.  They ask to be allowed to file a second amended complaint and for a stay so they may conduct discovery on the issue.

The Plaintiffs assert the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Under 28 U.S.C. § 1332(a), federal courts have subject matter jurisdiction over civil actions between parties with complete diversity of citizenship where the amount in controversy exceeds $75,000. "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th

Cir. 2007). Federal courts are courts of limited jurisdiction, and it is presumed that jurisdiction is lacking until the party claiming jurisdiction demonstrates otherwise. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). Subject matter jurisdiction cannot be waived, and if it appears the subject matter jurisdiction is lacking, the court is obligated to consider the issue *sua sponte*. James Neff Kramper Family Farm P'ship v IBP, Inc., 393 F.3d 828, 834 (8th Cir. 2005); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

The citizenship of a limited liability company is the citizenship of each of its members. Id. Likewise, a limited partnership's citizenship is the citizenship of each of its partners. Carden v. Arkoma Assocs., 494 U.S. 185, 189 (1990). A corporation, including an alien corporation, is deemed to be a citizen of its state or place of incorporation and the state or place where it has its principle place of business. 28 U.S.C. § 1332(c)(1); In re Arrowhead Cap. Mgmt. LLC Class Litig., 712 F. Supp. 2d 924, 929 (D. Minn. 2010). Diversity of citizenship is determined at the time the action is filed. Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570-71 (2004); Associated Ins. Mgmt. Corp. v. Ark. Gen. Agency, Inc., 149 F.3d 794, 796 (8th Cir. 1998). "Diversity jurisdiction, once established, is not defeated by the addition of a nondiverse party to the action" or subsequent events provided the subsequently added nondiverse party was not indispensable at the time the action was commenced. Freeport-McMoRan, Inc. v. K N Energy, Inc., 498 U.S. 426, 428 (1991); Dominium Austin Partners, L.L.C. v. Emerson, 248 F.3d 720, 725 (8th Cir. 2001). The corollary to this rule is that "if diversity did not exist when the complaint was filed, it cannot be created by a change of domicile by one of the parties or some other event." Saadeh v. Farouki, 107 F.3d 52, 57 (D.C. Cir. 1997).

The Eighth Circuit Court of Appeals has not squarely addressed whether the citizenship of an unincorporated entity must be affirmatively pled or whether it is sufficient to plead the issue 'upon information and belief." The Third and Ninth Circuits have both held that "a plaintiff need not affirmatively allege the citizenship of each member of an unincorporated association in order to get past the pleading stage." Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 102 (3d Cir. 2015); Carolina Cas. Ins. Co. v. Team Equip., Inc., 741 F.3d 1082, 1087 (9th Cir. 2014) (pleading jurisdictional upon information and belief is adequate and a practical necessity; 5 Charles Alan Wright et al., Federal Practice and Procedure: Federal Rules of Civil Procedure § 1224 (4th ed. 2023) (noting permitting pleading of jurisdictional facts upon information and belief is often a practical necessity). The Defendants' reliance on *Cameron v. Hodges*, 127 U.S. 322 (1888) is unpersuasive as the case did not involve unincorporated entities, the citizenship of which is very difficult to determine without discovery or disclosure. The Court finds the reasoning of the Third and Ninth Circuits persuasive. The membership of unincorporated entities is not a matter of public record. Requiring more than a reasonable inquiry and good faith belief at the pleading stage could shield unincorporated entities from suit in federal court without their consent which is surely not the intent of Federal Rules of Civil Procedure. See Lincoln Ben. Life Co., 800 F.3d at 108-09. The newly amended Rule 7.1(a)(2) of the Federal Rules of Civil Procedure, which now requires all parties including partnerships and limited liability companies, to disclose their membership supports this conclusion as well. The Advisory Committee Notes to the 2022 Amendment to Rule 7.1 state that "[p]leading on information and belief is acceptable at the pleading stage."

The Defendants have not asserted any of their members are citizens of Florida or Ohio where the Plaintiffs are citizens, although they certainly have this information available to them. The

Plaintiffs have diligently searched the public databases for evidence regarding the membership and citizenship of the Defendants without success.  This appears to be precisely the situation the newly amended Rule 7.1(a)(2) was intended to remedy.  The Court will permit the Plaintiffs to amend their complaint to plead the jurisdictional element "upon information and belief.".

Having determined the proposed amended complaint is adequate and should be filed does not end the Court's inquiry however.  Indeed, the inquiry has raised more questions than it has answered and the Court is required to determine whether diversity is complete.  A federal court has a duty to assure itself that the threshold requirement of subject matter jurisdiction has been met in every case.  Bradley v. American Postal Workers Union, AFL–CIO, 962 F.2d 800, 802 n. 3 (8th Cir.1992).  Under these circumstances, the Court will defer any ruling on whether diversity is complete or not while permitting the Plaintiffs to file a second amended that better articulates the Court's jurisdiction and require Equinor to file the disclosures contemplated by Rule 7.1(a)(2).

The Court will not require any disclosure from Grayson Mill because it was not an indispensable necessary party at the time the action was filed on December 31, 2019.  Dominium Austin Partners, 248 F.3d at 725-26.  Grayson Mill's interest in the lawsuit arose more than a year after the case was filed when it became the operator of the Weisz well in 2021.  The amended complaint adding Grayson Mill as a Defendant was filed on December 28, 2021. "Diversity jurisdiction, once established, is not defeated by the addition of a nondiverse party to the action" or subsequent events provided the subsequently added nondiverse party was not indispensable at the time the action was commenced.  Freeport-McMoRan, Inc., 498 U.S. at 428.

**IV.     CONCLUSION**

Accordingly and for the reasons set forth above, the Plaintiffs' motion to amend the complaint (Doc. No. 84) is **GRANTED**. The Plaintiffs shall file their second amended complaint within three (3) days of the date of this order. The Plaintiffs' motion to stay (Doc. No. 83) is **DENIED**. Equinor shall file a Rule 7.1(a)(2) disclosure setting forth the citizenship of its respective members within fourteen (14) days of the date the second amended complaint is filed. The Court will defer ruling on the Defendants' motion to dismiss (Doc. No. 78) until after Equinor makes the required disclosures.

**IT IS SO ORDERED.**

Dated this 2nd day of May, 2023.

*/s/  Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court